[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11002
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-00022-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE CURRY HUDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 20, 2013)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

George Curry Hudson appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the federal sentencing guidelines and the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which respectively lowered the base offense levels and statutory minimum sentences for crack-cocaine offenses.  In 1991, Hudson was sentenced to 420 months imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, two substantive counts of possession with intent to distribute crack cocaine, and one count of money laundering.  See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 1956(a)(1)(B)(i).  Although his base offense level was initially calculated under the then-existing version of § 2D1.1 of the United States Sentencing Guidelines, the crack-cocaine guideline, he was designated a career offender under § 4B1.1, which resulted in a guideline range of 360 months to life imprisonment. Because Hudson was sentenced as a career offender, instead of under the crack-cocaine guideline subsequently lowered by Amendment 750, the district court concluded that he was ineligible for a § 3582(c)(2) reduction.

On appeal, Hudson contends that he is entitled to a sentence reduction notwithstanding the fact that he was sentenced as a career offender.  While acknowledging our holding in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), that career offenders are not eligible for § 3582(c)(2) relief because their

2

sentences are based on § 4B1.1, not the crack-cocaine guideline, he asserts that the Supreme Court's plurality opinion in Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011), effectively abrogated Moore and allows for reductions in sentences that were in any way based on a retroactively amended guideline range. He also contends that he is entitled to be resentenced under the more lenient statutory penalties prescribed by the FSA, particularly in light of the Supreme Court's decision in Dorsey v. United States, — U.S. —, 132 S.Ct. 2321 (2012).

I.

We review de novo the district court's legal conclusions about the scope of its authority to grant a § 3582(c)(2) sentence reduction. United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012). Section 3582 authorizes a district court to reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). In Moore, we held that "[w]here a retroactively applicable guideline amendment," such as Amendment 750, "reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in a sentence." 541 F.3d at 1330; see also U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a § 3582(c)(2) reduction is not authorized if the relevant guideline amendment

3

"does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision").

In Freeman, which addressed whether defendants who enter into Rule 11(c)(1)(C) plea agreements that recommend particular sentences are eligible for § 3582(c)(2) relief, a plurality of the Supreme Court concluded that such relief "should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the [plea] agreement." 131 S.Ct. at 2692–93. Justice Sotomayor, in her concurrence, took a narrower view, arguing that a sentence imposed in accordance with a Rule 11(c)(1)(C) plea agreement is based on the agreement itself and not the applicable guideline range. Id., 131 S.Ct. at 2695 (Sotomayor, J., concurring). Only where a plea agreement "expressly uses a Guidelines sentencing range . . . to establish the term of imprisonment," Justice Sotomayor argued, is a defendant eligible for § 3582(c)(2) relief based on a retroactive guideline amendment. Id.

We have already rejected the contention, pursued by Hudson on appeal, that Freeman effectively overruled Moore and extended § 3582(c)(2) relief to defendants sentenced as career offenders. See Lawson, 686 F.3d at 1320–21. Hudson argues that we should not follow our decision in Lawson because it unduly relied on Justice Sotomayor's concurrence in Freeman, which in his assessment is

4

not the controlling opinion that case.  That contention is not only factually inaccurate, but legally irrelevant as well.  While it is true that in <u>Lawson</u> we stated that Justice Sotomayor's concurrence "can be viewed as the holding in <u>Freeman</u>," we nevertheless concluded that "even if the plurality opinion contained the holding, <u>Freeman</u> would [still] not overrule <u>Moore</u>."  <u>Id.</u> at 1321 n.1.  We explained that "[n]either the plurality opinion nor Justice Sotomayor's concurrence in <u>Freeman</u>" were "clearly on point to the issue that arose in <u>Moore</u>" because neither "addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B.1."  <u>Id.</u> at 1321 (quotation marks omitted).  And even if we were to assume that <u>Lawson</u>'s analysis was somehow wanting or flawed, as Hudson insists, we would be still be bound by it under the prior panel precedent rule.  <u>See</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").  Because Hudson's guideline range was driven by his career offender designation, not the crack-cocaine guideline found in § 2D1.1, he is not entitled to a sentence reduction under Amendment 750 because it did "not alter the sentencing range upon which his . . . sentence was based."  <u>See</u> <u>Moore</u>, 541 F.3d at 1330.

5

Hudson's assertion that he is entitled to a sentence reduction under the FSA is also foreclosed by binding circuit precedent. In Dorsey, the Supreme Court held that the FSA's lower mandatory minimum penalties apply to pre-Act offenders who are sentenced after the Act's effective date of August 3, 2010. 132 S.Ct. at 2326. We have since held that defendants who were originally sentenced before that effective date are not eligible for § 3582(c) relief under the FSA, both because it "is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress," and because it does not otherwise apply retroactively to defendants sentenced before its effective date. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012). We also rejected the notion that Dorsey compelled a contrary conclusion, explaining that "Dorsey carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date" and "did not suggest that the FSA's new mandatory minimums should apply to defendants . . . who were sentenced long before the FSA's effective date." Id. at 377–78.

Hudson contends that our Berry decision is not controlling because it did not involve a defendant seeking a sentence reduction based on a combination of Amendment 750 and the FSA. But that argument is also foreclosed by circuit precedent. In United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013), we rejected a defendant's argument that Berry was distinguishable from his case

6

because he was relying on both Amendment 750 and the FSA. We explained that the defendant's argument "lack[ed] substance" because Amendment 750 did not lower his guideline sentence, which was based on the statutory minimum prescribed by 21 U.S.C. § 841(b)(1). Hippolyte, 712 F.3d at 542. In his dogged quest to evade the clear import of our precedent, Hudson contends that Hippolyte is itself distinguishable because it did not involve a career offender. That Hudson, unlike Hippolyte, was sentenced as a career offender, instead of in accordance with a statutory minimum, is a distinction without a difference because in either case Amendment 750 does not have the desired effect of lowering the applicable guideline range. The district court correctly concluded that Hudson is not eligible for a § 3582(c)(2) sentence reduction based on Amendment 750, the FSA, or a combination of the two.

**AFFIRMED.**